As to necessity of an exception in such case, see Thompson *v.* Hazard, 120 N. Y. 634; Bullock *v.* Bemis, 51 Hun, 637; Hugg *v.* Shank, 52 Id. 612; Hooper *v.* Baillie, 118 N. Y. 413; Avery *v.* N. Y. C. & H. R. R. R. Co., 121 Id. 31; Hall *v.* Stevens, 116 Id. 201; Mutual Nat. Bk. *v.* Sirret, 97 Id. 320; Sickles *v.* Flanagan, 79 Id. 224; Griffiths *v.* Phelps, 21 W. D. 390; Mead *v.* Smith, 28 Hun, 639; Porter *v.* Smith, 35 Id. 118.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JAMES E MINNAUGH, Appellant.

*Court of Appeals, January 20, 1892.*

1. *Trial. Charge.*—The trial judge, in delivering his charge to the jury, may read to them extracts from a reported case, so long as the propositions are sound and applicable to the possible facts appearing and are correctly stated.

2. *Homicide. Insanity.*—The appearance and acts of defendant in this case, were held to be entirely consistent with his possible sanity and to fall far short of establishing his inability to distinguish the nature and quality of his act, at the moment of the homicide.

Appeal from judgment of the New York general sessions, convicting defendant of the crime of murder in the first degree.

*Joseph F. Moss*, for appellant.

*H. B. B. Stapler*, for respondent.